<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **DAYS INNS WORLDWIDE, INC.,**  *Plaintiff*,  v.  **SAA, INC. and MANSUKH PATEL,**  *Defendants.* | Civil Action No. 15-1789  **OPINION** |

ARLEO, UNITED STATES DISTRICT JUDGE

This matter comes before the Court on Plaintiff Days Inns Worldwide, Inc.'s ("DIW") motion for final judgment by default pursuant to Federal Rule of Civil Procedure 55(b)(2). For the reasons set forth herein, the motion is **GRANTED**.

**I.     BACKGROUND**

DIW is a major hotel franchise system in the United States. On November 30, 2004, DIW entered into a license agreement (the "License Agreement") with Defendant SAA, Inc. for the operation of a 61-room[1] guest lodging facility. Compl. ¶ 8, Ex. A. Defendant Mansukh Patel provided a guaranty of SAA, Inc.'s obligations under the License Agreement, agreeing to personally pay the obligation (including costs and reasonable attorney's fees) to the extent SAA, Inc. does not. Compl. ¶ 20, Ex. C.

The License Agreement obligated SAA, Inc. to operate a Days Inn for fifteen years. Id. ¶ 9. SAA, Inc. was also required to maintain certain scores on periodic quality assurance inspections

---

[1] The License Agreement was later amended to decrease the number of rooms to 58. Compl. ¶ 8 n.1.

conducted by DIW; comply with DIW's "System Standards;" make periodic payments to DIW for royalties, system assessment, taxes, interest, and other fees; maintain accurate financial information; and disclose gross room revenue. Id. ¶¶ 10-16. The License Agreement gave DIW the right to terminate the agreement upon notice to SAA, Inc. for various reasons, including SAA, Inc.'s failure to pay any amount due DIW under the License Agreement, failure to remedy any other default within thirty days of notice of default, and receipt of two or more notices of default in any one year period, even if those defaults were cured. Id. ¶ 17. The License Agreement also provides for liquidated damages in the event of termination. Id. ¶ 18. The prevailing party in any action to enforce the License Agreement agreed to pay costs, expenses, and attorney's fees incurred to enforce the agreement. Id. ¶ 19. Effective on the date of the License Agreement, Defendant Patel provided DIW with a guaranty of SAA, Inc.'s obligations, such that in the event SAA, Inc. defaulted, Defendant Patel would immediately make all payments and cause SAA, Inc. to perform each unpaid and unperformed obligation under the License Agreement. Id. ¶¶ 20-21.

In the License Agreement, SAA, Inc. consented to "the non-exclusive personal jurisdiction of and venue in the New Jersey state courts situated in Morris County, New Jersey and the United States District Court for the District of New Jersey." Id. ¶ 5. Defendant Patel also acknowledged that the guaranty personally bound him to the terms of the License Agreement, including the section consenting to personal jurisdiction and venue in this district. Id. ¶ 6.

SAA, Inc. failed to operate the hotel in accordance with DIW's System Standards and meet its financial obligations. Id. ¶ 23. In various letters throughout 2013, DIW advised SAA, Inc. that it was in breach of the License Agreement and owed DIW an ascending amount of fees: $51,008.05 on January 3; $52,579.30 on February 15; $62,665.44 on June 26, and $79,291.90 on November 5. Id. ¶¶ 25-28. On November 26, 2013, DIW attempted to inspect the hotel, but SAA, Inc. refused

2

to allow the inspector entry. Id. ¶ 24. As a result, SAA, Inc. received an automatic failing grade. Id. By letter dated December 31, 2013, DIW terminated the License Agreement and advised SAA, Inc. that it was required to pay $116,000.00 in liquidated damages for premature termination as well as all outstanding fees. Id. ¶ 29. Defendant Patel has breached the guaranty by failing to make any payments or cause SAA, Inc. to perform under the License Agreement.

DIW filed a Complaint on March 11, 2015, seeking monetary damages. Defendants SAA, Inc. and Mansukh Patel have been served with a summons and copy of the Complaint. See Executed Summons, Dkt. No. 5. The time for Defendants to answer or otherwise move as to the Complaint has expired. The Clerk entered default against the Defendants on June 3, 2015. On July 24, 2015, DIW filed the instant motion for final judgment by default against Defendants. To date, Defendants have not filed any opposition to the motion.

## II. STANDARD OF REVIEW

"The district court has the discretion to enter default judgment, although entry of default judgments is disfavored as decisions on the merits are preferred." Animal Sci. Prods., Inc. v. China Nat'l Metals & Minerals Imp. & Exp. Corp., 596 F. Supp. 2d 842, 847 (D.N.J. 2008). Before entering default judgment the court must: (1) determine it has jurisdiction both over the subject matter and parties; (2) determine whether defendants have been properly served; (3) analyze the Complaint to determine whether it sufficiently pleads a cause of action; and (4) determine whether the plaintiff has proved damages. See Chanel, Inc. v. Gordashevsky, 558 F. Supp. 2d 532, 535-36 (D.N.J. 2008); Wilmington Savings Fund Soc., FSB v. Left Field Props., LLC, No. 10-4061, 2011 WL 2470672, at *1 (D.N.J. June 20, 2011). Although the facts pled in the Complaint are accepted as true for the purpose of determining liability, the plaintiff must prove damages. See Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990).

Additionally, prior to granting default judgment, the Court must make explicit factual findings as to: (1) whether the party subject to the default has a meritorious defense; (2) the prejudice suffered by the party seeking default judgment; and (3) the culpability of the party subject to default. Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds, 250 F.R.D. 171, 177 (D.N.J. 2008).

### III. ANALYSIS

#### A. Jurisdiction & Service

The Court concludes it has both subject matter jurisdiction over this dispute and personal jurisdiction over Defendants. First, the Court has subject matter jurisdiction under 28 U.S.C. § 1332. See Ramada Worldwide Inc. v. Courtney Hotels USA, LLC, No. 11-896, 2012 WL 924385, at *3 (D.N.J. Mar. 19, 2012). The Court also has personal jurisdiction over Defendants pursuant to their consent to jurisdiction as set forth in the License Agreement and guaranty. Compl. ¶¶ 5-6. Additionally, DIW has provided the Court with proof of service as to Defendants. Executed Summons, Dkt. No. 5.

#### B. Liability

The Court concludes DIW has pled a breach of contract claim against Defendant SAA, Inc. as it has pled the existence of a contractual relationship, that SAA, Inc. breached the License Agreement by failing to remit the required payments and permit inspections, and resulting damages. See Super 8 Worldwide, Inc. v. Sairam Corp., No. 13-6161, 2014 WL 4388697, at *1 (D.N.J. Sept. 4, 2014). DIW has also pled a breach of the guaranty by Defendant Patel.

#### C. Appropriateness of Default Judgment

Next, the Court must consider: (1) whether the party subject to the default has a meritorious defense; (2) the prejudice suffered by the party seeking default judgment; and (3) the culpability

of the party subject to default. Doug Brady, 250 F.R.D. at 177. The Court concludes that in the absence of any responsive pleading and based upon the facts alleged in the Complaint, Defendants do not have a meritorious defense. See Ramada, 2012 WL 924385, at *5. Second, the Court finds that DIW will suffer prejudice absent entry of default judgment as DIW will have no other means of obtaining relief. Finally, the Court finds Defendants acted culpably as they have been served with the Complaint, are not infants or otherwise incompetent, and are not presently engaged in military service. See Bryan Couch Cert ¶ 12, Dkt. No. 9-2; Super 8, 2014 WL 4388697, at *2; see also Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc., 175 F. App'x 519, 523 (3d Cir. 2006) (holding that a defendant's failure to respond to communications from the plaintiff and the court can constitute culpability).

### D. Monetary Damages

DIW first seeks $109,078.84 in "Recurring Fees" as defined in the License Agreement. Plaintiff has provided sufficient evidence of these damages. See Fenimore Aff. Ex. J, Itemized Statement. DIW also seeks $148,266.44 in liquidated damages ($116.000.00 plus prejudgment interest). Again, Plaintiff has provided sufficient proof of these damages. See Fenimore Aff. Ex. A, License Agreement § 12.1 (authorized $2,000 of liquidated damages per room); id. ¶ 31 (SAA, Inc. operated 58 guest rooms). DIW has not moved for compensation of its attorney's fees or costs. The Court therefore awards (1) $109,078.84 in recurring fees and (2) $148,266.44 in liquidated damages and prejudgment interest.

### IV. CONCLUSION

For the reasons set forth above, DIW's motion for final judgment by default is **GRANTED.** An appropriate order accompanies this opinion.

Dated: February 24, 2015  /s Madeline Cox Arleo
                          **United States District Judge**

5